1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

DIGITAL CONTROL, INCORPORATED,
a Washington corporation, and MERLIN
TECHNOLOGY, INC., a Washington
corporation,

11

No.  C03–2297Z

12

Plaintiffs,

ORDER

13

v.

14

RIDGE TOOL COMPANY, an Ohio
corporation,

15

16

Defendant.

17    This matter comes before the Court on Defendant Ridge Tool Company's ("Ridge

18  Tool") Motion for Attorneys' Fees and Costs, docket no. 65, pursuant to this Court's Order

19  of Dismissal, docket no. 40.

20    The decision to award fees to the prevailing party in a patent infringement action

21  involves a two-step process.  Forest Laboratories, Inc. v. Abbott Laboratories, 339 F.3d

22  1324, 1327 (Fed. Cir. 2003).  First, the Court must determine whether the prevailing party

23  has proved by clear and convincing evidence that the case is "exceptional."  Id.  The Court

24  found this case exceptional because Digital Control, Incorporated ("DCI") engaged in

25  "litigation misconduct or unjustified and bad faith litigation."  See Order, docket no. 40, at 2.

26  Litigation misconduct and unprofessional behavior are relevant to the award of attorneys'

ORDER   -1-

1  fees, and may suffice, by themselves, to make a case exceptional.  Sensonics, Inc. v.

2  Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996).

3        When the Court finds the case to be exceptional, the Court must determine whether an

4  award of attorneys' fees is appropriate.  Forest Laboratories, 339 F.3d at 1328.  The Court

5  previously found that Ridge Tool was entitled to an award of reasonable attorneys' fees.

6  Order, docket no. 40, at 2.  The Court based that finding on Plaintiffs' admitted failure to

7  comply with deadlines set by this Court, and on Plaintiffs' conduct during this litigation.

8        The Court denied Plaintiffs' Motion for Reconsideration, docket no. 41.  The Court

9  considers those arguments, however, in the context of determining the award of reasonable

10  attorneys' fees.  Although the Court has found that Plaintiffs' misconduct in this litigation

11  justifies an award of attorneys' fees to Ridge Tool, the Court did not find that DCI's

12  infringement claims were baseless and without merit, or that DCI pursued meritless claims

13  throughout this litigation.  The Court agrees with DCI that the award of attorneys' fees in

14  this case must be related to the exceptionality of the case.  Beckman Instruments, Inc. v.

15  LKM Produkter AB, 892 F.2d 1547, 1553 (Fed. Cir. 1989) (Court must consider the

16  "particular misconduct" in determining the proper attorneys' fees award.); see also Special

17  Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1344 (Fed. Cir. 2001) ("[T]he amount of the

18  attorney fees depends on the extent to which the case is exceptional.").

19        Defendant Ridge Tool requests the full amount of its attorneys' fees and costs, in an

20  amount of $418,503.60.  Defendant's request is unusually high in light of the fact that no

21  substantive motions practice occurred in this case prior to the Plaintiffs' Motion to Dismiss,

22  docket no. 31.  There was no discovery-related motions practice, and the case was dismissed

23  before Markman, and months before the close of discovery and the deadline for dispositive

24  motions.  Defendant's request for the full amount of its attorneys' fees and costs is not

25  related to the exceptional nature of this case.  While Plaintiffs' conduct during this litigation

26  may have been exceptional, Defendant has not established (or even attempted to establish)

ORDER   -2-

1  that Plaintiffs did not have a colorable claim for patent infringement. <u>But</u> <u>see</u> Afromowitz

2  Decl., docket no. 36 (opining that Defendant's NaviTrack device infringes the '683 and '008

3  patents). Also important to the Court's determination is the fact that Defendant <u>never</u> sought

4  to bring its issues with Plaintiffs' conduct to the Court during the pendency of this litigation,

5  and only raised these issues in its Response to Plaintiffs' Motion to Dismiss. As such, the

6  Court finds that Defendant is not entitled to its full measure of attorneys' fees.

7       Plaintiffs argue that a compensatory amount of zero should be awarded where a

8  prevailing party incurs no additional costs as a result of the non-prevailing party's "bad

9  behavior." <u>See</u>, <u>e.g.</u>, <u>Special Devices</u>, 269 F.3d at 1344 (citing <u>S.C. Johnson & Son, Inc. v.</u>

10  <u>Carter-Wallace, Inc.</u>, 781 F.2d 198, 201 (Fed. Cir. 1986)) ("the amount of attorney fees

11  awarded may be zero, even though the case is exceptional."). However, a compensatory fee

12  amount of zero is not appropriate in this case. The Court finds that Plaintiffs' litigation

13  misconduct had the effect of increasing the Defendant's attorneys' fees in this litigation by

14  increasing the complexity of the litigation and causing delay.

15       The amounts proposed by the parties as a reasonable award of attorneys' fees are

16  unreasonable. Defendant seeks attorneys' fees and costs for defending the entire

17  infringement suit in the amount of $418,503.60. Plaintiffs argue that the Court should not

18  award any compensatory attorneys' fees. A review of billing records at the time of the

19  litigation misconduct, as identified by the Court, is similarly unhelpful. Those billing

20  records do not specifically disclose additional work performed as a result of Plaintiffs'

21  conduct, and reveal only that Defendant's attorneys' were spending time on the case at that

22  time. The Court finds that not more than approximately ten percent of Defendant's

23  attorneys' fees and costs can be traced to the increased complexity and delay caused by

24  Plaintiffs' misconduct. Therefore, the Court awards the Defendant total fees and costs of

25  $40,000.

26

ORDER   -3-

1

2      IT IS SO ORDERED.

3      DATED this 20th day of May, 2005.

4                                    _____
5                                    Thomas S. Zilly
                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   -4-